UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARDON AHPREE GAY (R-09017), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 50326 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CORRECTIONAL OFFICER SHAWBECKER,) | |
| ) | |
| Defendant. ) | |

## ORDER

This Court has reviewed Magistrate Judge Lisa Jensen's January 16, 2020 Report and Recommendation and agrees with its findings and conclusions. The Court adopts the Report and Recommendation [71] in its entirety. The Court dismisses Plaintiff's claims without prejudice for failure to exhaust administrative remedies. The Court directs the Clerk of Court to enter final judgment and closes this case.

## STATEMENT

Plaintiff Shardon Ahpree Gay, a prisoner at Danville Correctional Center, filed this 42 U.S.C. § 1983 action against Winnebago County Jail Officer Schabacker.[1] Gay alleges he was injured on October 28, 2015, when Schabacker drove a transport vehicle recklessly, knowing that Gay was handcuffed, shackled, and insufficiently secured. Schabacker contends Gay failed to exhaust available administrative remedies at Winnebago County Jail.

On December 19, 2019, Magistrate Judge Lisa Jensen held a Pavey hearing on the issue of exhaustion. Doc. 69. Following the hearing, Magistrate Judge Jensen recommended in a January 16, 2020 Report and Recommendation that the Court dismiss this case without prejudice for Gay's failure to exhaust available administrative remedies before initiating his federal lawsuit. Doc. 71.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* *De novo* review requires the Court to give fresh consideration to the issues to which the specified objections were made and reach a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the

---

[1] Gay misspelled Defendant Schabacker's name as "Shawbecker" in the complaint.

district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

During the time period allowed for objection, Gay submitted a "motion for objection of Court's ruling dismissing claim against Defendant." Doc. 72. Gay did not otherwise object to the Report and Recommendation. Gay objects that the attorney appointed for purposes of assisting him at the Pavey hearing was deficient in presenting Gay's case and, thus, the magistrate judge did not possess all the facts necessary to decide his case. Specifically, Gay states his attorney should have introduced (1) testimony from a former Winnebago County Jail employee who would have contradicted Schabacker's claims that inmate handbooks were available in the jail housing units and that jail employees advised inmates on the grievance procedures; and (2) evidence from his Winnebago County Jail medical records which, Gay contends, would have demonstrated that he reported to the jail medical staff that he was injured during transport on October 28, 2015, how the accident occurred, and the injuries he sustained. Doc. 72 at 2.

Although Gay does not specifically identify the portions of the Report and Recommendation to which he objects, his objections pertain to the magistrate judge's conclusions that Gay's communications with medical staff were insufficient to place Schabacker on notice of the present claims and that the inmate handbook located on the jail kiosks provided information to Gay about how to pursue Winnebago County Jail's administrative remedies. The Court reviews the sections of the report and recommendation addressing these issues *de novo*, and the remainder for clear error.

First, Gay objects to the magistrate judge's finding that he was aware of Winnebago County Jail's grievance procedures. Winnebago County Jail Lieutenant Egler testified at the Pavey hearing that the Jail's grievance procedures are set forth in an Inmate Handbook accessible to inmates on computer kiosks and posted in the housing units. The Jail's grievance process requires inmates to submit grievances using the inmate kiosks. Doc. 64-1 at 7. If an inmate is dissatisfied with a response to a grievance, he must submit an appeal, also on the Jail kiosks. *Id.* Inmates must include a thorough explanation of the problem they are grieving. *Id.* It is undisputed that, although Gay filed a request for medical attention to treat his injuries from the driving incident, he never submitted a grievance complaining about Schabacker's alleged reckless driving.

Gay contends in his objections that the inmate handbook was not kept in the housing units and that inmates did not receive instruction on the grievance procedures. Doc. 72 at 2. Nonetheless, Gay does not dispute that he knew the handbook was available on the jail kiosks and that the handbook contained grievance procedures. Gay also does not assert he could not use the kiosks. Although he testified that he did not receive formal training on the use of the kiosks, Gay stated he taught himself how to use the kiosks. Gay also successfully submitted a number of grievances on the kiosks prior to October 28, 2015 and later submitted an appeal of a grievance, supporting the conclusion that Gay knew how to use the kiosks. Doc. 64-4 at 16, 29–33; *see Schaefer v. Spates*, No. 16 C 50377, 2018 WL 1939331, at *6 (N.D. Ill. Mar. 19, 2018)

2

(plaintiff's numerous submissions on the jail kiosk belied his testimony that he was unable to use the kiosks), *report & recommendation adopted*, 2018 WL 1932469 (N.D. Ill. Apr. 24, 2018). The Court, therefore, agrees with the magistrate judge that Gay was sufficiently aware of Winnebago County Jail's grievance procedures, where to locate the inmate handbook, and how to use the kiosks to file grievances.

Second, Gay argues his attorney should have introduced evidence from Winnebago County Jail medical staff and medical records, which Gay states would show he reported details of the transport incident to medical staff. Doc. 72 at 2. Even had Gay's counsel introduced this evidence, however, such communications do not constitute grievances under the Jail's grievance procedure. Those procedures require inmates to file written grievances on the jail's kiosks. Gay's verbal discussions with jail medical staff do not satisfy these requirements. Furthermore, the "primary purpose of a grievance is to alert prison officials to a problem." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Here, Gay seeks to hold Officer Schabacker—a non-medical correctional officer at Winnebago County Jail—responsible for injuries resulting from Schabacker's allegedly reckless driving. However, according to Lieutenant Egler's testimony at the Pavey hearing, non-medical staff at the jail are not allowed to view medical requests and grievances submitted by inmates to protect inmates' privacy, a policy which it seems reasonably safe to assume also extended to the contents of inmates' medical records. Consequently, informing medical staff of the cause of his injuries would not have put jail officers on notice of Gay's complaints against Schabacker.

Even were this objection meritorious, the Court notes that Gay has not objected to the magistrate's finding that Gay failed to appeal any grievance, medical or otherwise, related to the October 28, 2015 events. If Gay believed the Jail had not appropriately addressed his concerns regarding Schabacker's driving, Jail procedures required him to file an appeal. The Court finds no clear error with the magistrate judge's conclusion that Gay, therefore, failed to complete Winnebago County Jail's grievance process as is required by the Prison Litigation Reform Act. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (an inmate must grieve his complaint "using all steps that the agency holds out" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The Court has reviewed the remaining portions of the Report to which Gay has not objected and finds no clear error. It is apparent Gay did not exhaust his administrative remedies prior to filing suit. Accordingly, the Court adopts Magistrate Judge Jensen's Report and Recommendation in its entirety and dismisses Gay's claims without prejudice.

Because this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of 42 U.S.C. § 1997e(a) with respect to Gay's claims, the Court's ruling does not preclude Gay from pursuing any relief that may be available to him in state court. But by operation of 42 U.S.C. § 1997e(a), Gay has no further recourse in federal court at this time. The dismissal therefore constitutes a final appealable order. *See Maddox*, 655 F.3d at 716 (explaining that order dismissing § 1983 claim for failure to exhaust administrative remedies

is appealable where plaintiff has no further remedies to pursue); *Barnes v. Briley*, 420 F.3d 673, 676–77 (7th Cir. 2005) (same).

If Gay wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Gay appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If a court finds the appeal non-meritorious, that court could assess Gay a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Gay seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Date: February 21, 2020               /s/ Sara L. Ellis